# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RAYMOND D. WILLISON,                                                    PLAINTIFF
ADC #112295

v.                             3:17CV00105-JLH-JTK

CRAIGHEAD COUNTY DETENTION CENTER, et al.                DEFENDANTS

## ORDER

By Order dated June 12, 2017, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983 (Doc. No. 9). However, finding Plaintiff's Complaint too vague and conclusory to enable the Court to determine whether it was frivolous, failed to state a claim, or stated a legitimate claim, the Court directed Plaintiff to submit an Amended Complaint within thirty days. The Court asked Plaintiff to: "1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he is incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth, including, where applicable, dates, times and places." (Doc. No. 9, pp. 3-4). The Court also noted that although Plaintiff alleged that he received legal mail which had been opened, he did not specifically identify or describe the mail he received and did not allege any personal participation/action by Defendant Bowers. (Id., p. 3)

Plaintiff has submitted a Motion to Amend, in which he states briefly that Defendant Bowers opened his legal mail. However, contrary to the June 12, 2017 Order, he does not

1

specifically identify or describe the letter at issue; therefore, the Court cannot determine if legal mail is at issue in this case.

The federal rules require the Complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

The Court will provide Plaintiff one final opportunity in which to submit a single document which lists his Defendants, specifies the actions each of the Defendants took against Plaintiff, and how those actions violated Plaintiff's constitutional rights. As noted in the June 12, 2017 Order, Plaintiff should include references to dates, times, and places, where applicable, and Plaintiff should describe/identify the letter at issue, such as who sent it, the contents, and whether it was specifically labelled as "legal mail." If Plaintiff does not comply with this directive, his Complaint will be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly. Accordingly,

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Amend (Doc. No. 11) is DENIED without prejudice.

2. Plaintiff shall have one final opportunity in which to submit an Amended Complaint in accordance with the directions set forth in this Order and in the June 12, 2017 Order, within fifteen days of the date of this Order. Failure to comply with this Order shall result in the dismissal without prejudice of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

The Clerk is directed to forward to Plaintiff a § 1983 complaint form.

IT IS SO ORDERED this 11th day of July, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE